In re Estate of William S. Murphy, Deceased.
Susie Vernon, Appellant, v. Martin J. O'Brien, Administrator of Estate of William S. Murphy, Deceased, Appellee.

Gen. No. 39,849.

Opin-
ion filed May 11, 1938.   Rehearing denied May 26, 1938.

ZEDRICK T. BRADEN, HOUSTON H. HALL and GEORGE S. BARNES, all of Chicago, for appellant.

I. J. BERKSON, OTTO W. ULRICH and EUGENE A. WEINBERG, all of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Susie M. Vernon brings this appeal from an order of the circuit court disallowing her claim against the estate of William S. Murphy, deceased. The cause was tried before the court without a jury.

It is alleged by the claimant Susie M. Vernon that during his lifetime William S. Murphy, since deceased, had money belonging to her in the amount of $3,240 and that that sum was due and owing and unpaid at the time of said Murphy's death; that prior to June 1, 1930, plaintiff was a school teacher in Tennessee over

a period of upwards of 16 years; that she saved her earnings and accumulated several thousands of dollars; that thereafter she came to Chicago and secured employment at a hotel on West Madison street where she became acquainted with William S. Murphy to whom she turned over $3,240, for the purpose of investment; that she subsequently left the hotel and William S. Murphy retained her money and sent to her interest and dividends thereon until the time of his death.

On June 8, 1937, appellant made a motion to vacate the order denying the allowance of the claim which motion was denied by the court and from which plaintiff appeals.

Claimant's theory is that the deceased was her financial agent and that the sum of $3,240 belonging to her was placed in the hands of William S. Murphy during his lifetime and that the money was never returned to her.

The theory of the defendant administrator is that the claimant had the burden of proving the allegations of her claim which were material and essential before she could recover; that the evidence introduced by claimant not only failed to establish a preponderance of the evidence in her favor, but it further demonstrated that her claim had neither merit nor substance and that a consideration of the entire evidence shows that the same failed to establish even a prima facie case in support of her claim, whereas the defense was able to show by uncontroverted facts the existence of circumstances which proved that the claim was properly disallowed; that the deceased had not been the financial agent of the claimant and that claimant could not have been possessed of the large sum of money she claims to have placed in the hands of the said William S. Murphy and that the claimant signed affidavits which

clearly showed that, except for these proceedings, this claim was nonexistent.

The evidence in this case shows that plaintiff had formerly been a school teacher in Tennessee and came to Chicago where she was employed as a chambermaid on Madison street just west of the Chicago river; that she was destitute at the time and became an applicant for relief. Plaintiff contends, however, that she had entrusted to William S. Murphy during his lifetime the sum of $3,240 for investment purposes and that he paid her interest from time to time. There were no documents tending to prove any such contention.

There was introduced in evidence on behalf of plaintiff postal cards and letters from the said Murphy which were of no probative force, merely showing an acquaintanceship. Witnesses were produced by plaintiff who testified they heard the deceased admit that he had money belonging to plaintiff for investment, and some of them testified to receiving money from the deceased to be given to plaintiff, the same being income on her investments. Such evidence is not convincing.

The administrator of the estate of William S. Murphy offered in evidence photostatic copies of the application made by plaintiff to the Chicago Relief Administration to obtain relief during the period it is now claimed the said Murphy had her money. In reply to an interrogatory, in order to determine in said application as to whether or not she was entitled to relief, she answered that she had no personal property, no bonds, no stocks, no mortgages and that she was destitute. It is claimed that her signature was not proven to be authentic on these questionnaires, but we think sufficient proof is shown identifying her to be the person named in the questionnaire and that she was a pauper.

In view of the evidence we are quite convinced that plaintiff failed to substantiate her claim and we are of

the opinion that the circuit court was correct in its decision. Therefore the order of the circuit court in disallowing plaintiff's claim against the estate of William S. Murphy is affirmed.

*Order affirmed.*

HEBEL, P. J., and HALL, J., concur.